**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
Viola Trebicka (Bar No. 269526)
violatrebicka@quinnemanuel.com
865 Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Sara Pollock (Bar No. 281076)
sarapollock@quinnemanuel.com
William Pilon (Bar No. 326487)
williampilon@quinnemanuel.com
555 Twin Dolphin Dr., 5th Floor
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Teodora Pasca (admitted *pro hac vice*)
teodorapasca@quinnemanuel.com
295 Fifth Avenue, 9th Floor
New York, New York 10016-7103
Telephone: (212) 849-7000
Facsimile: (212) 849-7100

Attorneys for Defendant and Counter-Claimant
Figure AI Inc.

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT GRUENDEL, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FIGURE AI INC., a Delaware Corporation,<br><br>Defendant. | Case No. 5:25-cv-10094-EJD<br><br>**DEFENDANT/COUNTER-CLAIMANT FIGURE AI'S ANSWER TO PLAINTIFF ROBERT GRUENDEL'S COMPLAINT**<br><br>Judge: Hon. Edward J. Davila |
| FIGURE AI INC., a Delaware Corporation,<br><br>Counter-Claimant,<br><br>v.<br><br>ROBERT GRUENDEL, an individual,<br><br>Counter-Defendant. | |

Defendant and Counter-Claimant Figure AI Inc. ("Figure") answers Plaintiff Robert Gruendel's Complaint according to its numbered paragraphs, and hereby sets forth its affirmative defenses, as follows:

## INTRODUCTION

1. Figure.AI admits that it hired Plaintiff as Principal Robotic Safety Engineer and that he received a raise during his tenure. Figure denies the remainder of the allegations at paragraph 1.

2. Figure denies the allegations at paragraph 2.

3. Figure admits that Plaintiff was terminated on September 2, 2025. Figure denies the remainder of the allegations at paragraph 3.

4. Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Figure denies these conclusions.

## PARTIES

5. Figure admits that Plaintiff is an individual and that Figure employed Plaintiff from October 7, 2024 until his termination on September 2, 2025. Figure denies the remainder of the allegations at paragraph 5.

6. Figure admits that Plaintiff worked for Figure from October 7, 2024 to September 2, 2025 and spent only some of his time in California. Figure denies the remainder of the allegations at paragraph 6.

7. Figure admits that it is a Delaware corporation with its principal place of business in Santa Clara County, California. The remainder of the allegations at paragraph 7 state a legal conclusion to which no response is required. To the extent a response is required, Figure denies this conclusion.

8. Figure admits the allegations at paragraph 8.

## JURISDICTION AND VENUE

9. Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Figure denies this conclusion.

10. Figure admits that it is headquartered in California. The remainder of the allegations in paragraph 10 state a legal conclusion to which no response is required. To the extent a response is required, Figure denies this conclusion.

11. Figure admits that its principal place of business is San Jose, California. The remainder of the allegation in paragraph 11 states a legal conclusion to which no response is required. To the extent a response is required, Figure denies this conclusion.

12. The allegations at paragraph 12 state a legal conclusion to which no response is required. To the extent a response is required, Figure denies this conclusion.

## DIVISIONAL ASSIGNMENT

13. The allegations at paragraph 13 state a legal conclusion to which no response is required. To the extent a response is required, Figure denies this conclusion.

## STATEMENT OF FACTS

14. Figure admits the allegations at paragraph 14.

15. Figure admits the allegations at paragraph 15.

16. Figure admits that Plaintiff's job responsibilities included helping to define Figure's product safety strategies. Figure further admits that safety was, and remains, a top priority for Figure. Figure denies the remainder of the allegations at paragraph 16.

17. The allegation at paragraph 17 purports to describe Plaintiff's personal observations and beliefs. Figure lacks sufficient knowledge as to those personal observations and beliefs and, on that basis, denies the allegation. Further answering, this paragraph is contrary to fact, because Figure has consistently had safety procedures, systems, and processes in place, including during Plaintiff's first week of employment at Figure.

18. Figure admits that Plaintiff discussed safety issues with Dana Berlin from time to time and that he developed work product he referred to as a "product safety roadmap." Figure otherwise denies the allegations at paragraph 18.

19. Figure admits that Plaintiff created what he referred to as a "safety roadmap" in October 2024. Refer to the document for its contents. Figure otherwise denies the allegations at paragraph 19.

20. Figure denies the allegation at paragraph 20.

21. Figure denies the allegations at paragraph 21 to the extent they suggest Figure was not adequately implementing employee training and other protocols to reduce the risk of harm to employees from its robots.

22. Figure admits the allegation at paragraph 22.

23. Figure admits that AI has certain risks, which have been widely discussed in the press and elsewhere, but denies any suggestion that Figure has not taken steps before, during, and after Plaintiff's employment to appropriately address such risks. Figure otherwise denies the remainder of the allegations in paragraph 23.

24. Figure admits that as part of Plaintiff's role, he had conversations with employees at Figure, including but not limited to Ms. Berlin, regarding legal requirements for a safe workplace, and that Figure implemented certain of his suggested risk reduction measures where appropriate. Figure denies the allegations at paragraph 24 to the extent that they suggest Figure was not adequately complying with any such legal requirements or that Plaintiff has identified any violation of law, statute, or regulation on the part of Figure.

25. Figure denies the allegation at paragraph 25.

26. Figure denies the allegation at paragraph 26.

27. Figure admits that Plaintiff (and others) worked on what Plaintiff called a "product safety roadmap" in late 2024. Refer to that document for its contents.

28. The allegations at paragraph 28 are vague and ambiguous such that Figure cannot ascertain what "suggestions" Plaintiff is alleging Brett Adcock agreed with or for what purpose. Figure therefore lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis denies the allegations at paragraph 28.

29. Figure admits that Figure shifted its focus to the home and that Plaintiff was tasked with related responsibilities. Figure denies the remainder of the vague allegations at paragraph 29.

30. Figure admits that Plaintiff worked on what he referred to as a "home safety roadmap." Refer to the document for its contents. Figure lacks sufficient knowledge or information to form a belief regarding Plaintiff's vague allegations regarding his personal motivations, and on that basis, denies the allegations at paragraph 30.

31. Figure admits that what Plaintiff referred to as a "home safety roadmap" was shared with certain other employees at Figure and that Plaintiff met with Kyle Edelberg to discuss that work product. Figure denies the remainder of the vague allegations at paragraph 31.

32. Figure lacks sufficient knowledge or information to form a belief regarding Plaintiff's vague allegations regarding his personal beliefs and motivations, and on that basis, denies the allegations at paragraph 32.

33. Figure admits that Plaintiff met with members of Figure's Commercial team in March 2025 to discuss safety requirements. Figure lacks sufficient knowledge or information to form a belief regarding Plaintiff's vague allegations about his personal motivations, and on that basis, denies the remaining allegations at paragraph 33.

34. Figure lacks sufficient knowledge or information to form a belief regarding Plaintiff's vague allegations regarding his personal observations, and on that basis, denies the allegations at paragraph 34.

35. Figure admits that Plaintiff and Misako Sasayama met to discuss home safety in 2025, but lacks knowledge or information sufficient to form a belief as to the truth of the characterization of specific statements or timing alleged in this paragraph.

36. Figure admits Plaintiff prepared what he referred to as an "initial risk assessment" in late June 2025, the contents of which speak for themselves, and that Mr. Edelberg, Ms. Sasayama, and Kirk Borovick also worked on this project. Figure otherwise denies the allegations at paragraph 36.

37. Figure admits that in May and June 2025, Plaintiff completed certain work product in connection with potential investor meetings at the company. Refer to that work product for its contents.

38. Figure admits that, in conjunction with a potential investor meeting at the company, Plaintiff created work product regarding safety specifications across generations of Figure's robots. Refer to that work product for its contents. Figure lacks sufficient knowledge or information to form a belief regarding Plaintiff's vague allegations, including regarding his personal motivations, and on that basis, denies the remaining allegations at paragraph 38.

39. Figure admits that an investor asked for a meeting during which Plaintiff would answer certain safety-related questions, and that Plaintiff delivered a presentation to that effect. Refer to the presentation for its contents. Figure denies the remainder of the allegations at paragraph 39.

40. Figure lacks sufficient knowledge or information to form a belief regarding Plaintiff's vague allegations regarding his personal beliefs, and on that basis, denies the allegations at paragraph 40. To the extent the allegation at paragraph 40 suggests any safety measures were "downgraded" by Figure or its employees, Figure also denies that allegation.

41. Figure denies the allegations at paragraph 41, including any suggestion or implication that changes made to Plaintiff's suggested safety strategy represented a "downgrade" or could be "interpreted as fraudulent."

42. Figure admits the allegation at paragraph 42.

43. Figure denies the allegations at paragraph 43, including Plaintiff's inflammatory characterization of the results of the impact testing referred to in that paragraph, and that the allegations list any or all relevant standards applicable to the testing.

44. Figure lacks knowledge or information sufficient to form a belief about the truth of Plaintiff's estimation. Figure otherwise denies Plaintiff's inflammatory characterization of the impact testing discussed at paragraph 44.

45. Figure admits that Plaintiff was given a $10,000, or 5.2%, raise on July 29, 2025 and that Lee Randaccio contacted Plaintiff by email to provide this information. Refer to the email for its contents.

46. Figure admits that Plaintiff sent a Slack message to Mr. Adcock in July 2025 but denies the characterization of the communication and of Mr. Adcock's response. Figure otherwise denies the allegations at paragraph 46.

47. Figure admits that Plaintiff sent a Slack message to Mr. Edelberg in July 2025 but denies the characterization of the communication. Refer to that communication for its contents. Figure otherwise denies the allegations at paragraph 47.

48. The allegations at paragraph 48 are vague and ambiguous and Figure denies them on that basis.

49. Figure admits that Plaintiff met with Mallikarjun Mudagall and Mr. Edelberg about robot safety in August 2025.

50. Figure admits the allegation at paragraph 50.

51. Figure lacks sufficient knowledge or information to form a belief regarding (a) Plaintiff's vague allegations of unnamed employees purportedly expressly unknown concerns to Plaintiff or their personal motivations for doing so; or (b) Plaintiff's personal perceptions or beliefs related to any such concerns. On that basis, Figure denies the allegations at paragraph 51.

52. Figure denies the allegation at paragraph 52.

53. Figure admits that Plaintiff updated the work product he referred to as a "home data collection risk assessment" in August 2025. Refer to that document for its contents.

54. Figure admits that Plaintiff updated the work product he referred to as a "home data collection risk assessment" in August 2025, but disputes Plaintiff's characterization of the revisions made to that document. Refer to that document for its contents.

55. Figure admits that Mr. Edelberg asked Plaintiff to consider safety measures related to placing robots in the home, including the legal requirements associated with doing so. Figure otherwise denies the allegations at paragraph 55.

56. Figure admits that Mr. Edelberg asked Plaintiff to consider safety measures related to placing robots in the home, including the legal requirements associated with doing so. Figure further admits that Mr. Edelberg had lost confidence in Plaintiff's abilities. Figure denies the remainder of the allegations at paragraph 56.

57. Figure admits that Plaintiff assisted with finding outside product safety counsel during his period of employment.

58. Figure denies the allegations at paragraph 58.

59. Figure admits that a project related to certifying an E-stop function was discontinued, but otherwise denies the allegations at paragraph 59.

60. Figure admits that Plaintiff sent an email to Mr. Edelberg and other employees on August 14, 2025, but disputes its characterization. Figure otherwise denies the allegations at paragraph 60.

61. Figure denies the allegations at paragraph 61.

62. Figure admits that Plaintiff sent a Slack message to Mr. Edelberg on August 14, 2025, but disputes its characterization. Refer to the Slack message for its contents. Figure otherwise denies the allegations at paragraph 62.

63. Figure denies the allegations at paragraph 63.

64. Figure admits that Plaintiff sent Slack messages to Mr. Adcock complaining about Plaintiff's perception regarding his authority over product design changes, but disputes the characterization of those messages. Refer to the messages for their contents. Figure otherwise denies the allegations at paragraph 64.

65. Figure denies the allegations at paragraph 65.

66. Figure admits the allegations at paragraph 66.

67. Figure admits that Plaintiff sent Mr. Adcock a communication on August 26, 2025 regarding partnering with outside counsel, but denies Plaintiff's characterization of that conversation. Refer to the communication for its contents. Figure lacks sufficient knowledge or

1  information to form a belief regarding where Plaintiff was when the communication was made. Figure otherwise denies the allegation at paragraph 67.

68. Figure admits the allegation at paragraph 68.

69. Figure admits that Plaintiff responded to Mr. Adcock's Slack message of August 31, 2025, but denies Plaintiff's characterization of that conversation. Refer to the communication for its contents.

70. Figure admits that Mr. Adcock, over time, lost confidence in Plaintiff's abilities and thus disengaged in discussions with Plaintiff because many of Plaintiff's concerns were trivial, illegitimate, and began to interfere with other important work. Figure denies any suggestion that Mr. Adcock failed to engage with Plaintiff when he raised legitimate safety concerns.

71. Figure admits that Plaintiff sent an email to Corey Lynch purportedly to summarize a conversation regarding Helix-related safety concerns, but denies Plaintiff's characterization of the communication. Refer to that email for its contents.

72. Figure admits that Plaintiff co-led a robot safety training on August 29, 2025, but denies Plaintiff's characterization of that training at paragraph 72, including the suggestion that its robots pose "high risks to employees."

73. Figure admits that Plaintiff was terminated on September 2, 2025 for performance reasons but otherwise denies the allegations at paragraph 73.

74. The allegations at paragraph 74 state a legal conclusion to which no response is required. To the extent a response is required, Figure denies this conclusion.

75. Figure admits that Plaintiff prepared documentation related to impact testing, which speaks for itself and is the best record of its contents. Figure expressly denies Plaintiff's characterization of the documents or the suggestion that it was related to his termination. Plaintiff was terminated for performance-related reasons.

76. Figure lacks knowledge or information sufficient to form a belief regarding Plaintiff's personal motivations, and on that basis denies the allegations at paragraph 76. Figure further denies that Figure's practices "violated law and endangered employees and the public."

Further answering, the behaviors and communications Figure observed from Plaintiff during his tenure and thereafter were inconsistent with good faith and reasonable belief.

77. Figure denies the allegation at paragraph 77.

78. Figure denies Plaintiff's characterization of his role at paragraph 78 and that any other "senior leaders" served in comparable roles to Plaintiff.

79. The allegations at paragraph 79 state a legal conclusion to which no response is required. To the extent a response is required, Figure denies this conclusion.

## FIRST CAUSE OF ACTION

### *Whistleblower Retaliation* (Cal. Lab. Code § 1102.5)

80. Figure reiterates its prior responses to all of Plaintiff's allegations.

81. The allegation at paragraph 81 states a legal conclusion to which no response is required. To the extent a response is required, Figure denies the conclusion.

82. Figure lacks sufficient knowledge or information regarding Plaintiff's motivations or beliefs. Furthermore, the allegation at paragraph 82 states legal conclusions to which no response is required. To the extent a response is required, Figure denies these conclusions.

83. Figure lacks sufficient knowledge or information regarding Plaintiff's motivations or beliefs. Furthermore, the allegation at paragraph 83 states a legal conclusion to which no response is required. To the extent a response is required, Figure denies this conclusion. Figure denies violating any law, statute, or regulation.

84. Figure denies the allegation at paragraph 84.

85. Figure denies that it acted wrongfully in terminating Plaintiff. Furthermore, the allegation at paragraph 85 states legal conclusions to which no response is required. To the extent a response is required, Figure denies these conclusions.

## SECOND CAUSE OF ACTION

### *Whistleblower Retaliation* (Cal. Lab. Code § 98.6)

86. Figure reiterates its prior responses to all of Plaintiff's allegations.

87. The allegation at paragraph 87 states legal conclusions to which no response is required. To the extent a response is required, Figure denies these conclusions.

88. The allegation at paragraph 88 states a legal conclusion to which no response is required. To the extent a response is required, Figure denies this conclusion. Figure denies that Plaintiff engaged in protected activity and denies any existence of unsafe conditions or violations of law at Figure.

89. The allegation at paragraph 89 states legal conclusions to which no response is required. To the extent a response is required, Figure denies these conclusions. Figure denies that Plaintiff engaged in protected activity.

90. Figure denies that it acted wrongfully in terminating Plaintiff. Furthermore, the allegation at paragraph 90 states legal conclusions to which no response is required. To the extent a response is required, Figure denies these conclusions.

## THIRD CAUSE OF ACTION

### *Wrongful Termination in Violation of Public Policy*

91. Figure reiterates its prior responses to all of Plaintiff's allegations.

92. The allegation at paragraph 92 states legal conclusions to which no response is required. To the extent a response is required, Figure denies these conclusions.

93. The allegation at paragraph 93 states legal conclusions to which no response is required. To the extent a response is required, Figure denies these conclusions.

94. Figure admits that Plaintiff, at certain times, raised concerns to Mr. Adcock and Mr. Edelberg, but denies any suggestion that Figure's workplace was unsafe.

95. Figure denies the allegation at paragraph 95.

96. Figure denies the allegation at paragraph 96.

97. The allegation at paragraph 97 states a legal conclusion to which no response is required. To the extent a response is required, Figure denies these conclusions. Figure denies any existence of unsafe conditions or violations of statutory safety standards at Figure.

98. The allegation at paragraph 98 states a legal conclusion to which no response is required. To the extent a response is required, Figure denies this conclusion. Figure denies that Plaintiff engaged in protected activity or that Figure engaged in conduct that could in any way constitute retaliation.

99. Figure denies that it acted wrongfully in terminating Plaintiff. Furthermore, the allegation at paragraph 99 states legal conclusions to which no response is required. To the extent a response is required, Figure denies these conclusions.

## PRAYER FOR RELIEF

Figure denies that Plaintiff is entitled to any of the relief requested in Plaintiff's Prayer paragraphs 'a.' through 'g.'.

## AFFIRMATIVE DEFENSES

Without conceding that it bears the burden of proof or persuasion as to any of the issues raised in these defenses (whether denominated as affirmative defenses or otherwise), Figure alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint, and each cause of action alleged therein, fails to state a claim upon which relief can be granted, and therefore ought to be dismissed.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff was treated fairly and in good faith. All actions taken with regard to him were taken for lawful business reasons and were justified by Figure's reliance on information known to it at the time.

## THIRD AFFIRMATIVE DEFENSE

Figure did not retaliate against Plaintiff in terminating his employment. Regardless, even assuming *arguendo* that any retaliatory motive existed, Figure would have made the same employment decisions for legitimate, independent reasons. *See Lawson v. PPG Architectural Finishes, Inc.,* 12 Cal. 5th 703, 710 (2022); *Ververka v. Dep't of Veterans Affs.,* 102 Cal. App. 5th 162, 173 (2024); Labor Code § 1102.6.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part because Plaintiff lacks standing, including because Plaintiff is not a resident of California and/or his primary place of employment was not California for the operative events alleged.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each cause of action alleged therein, is barred by the doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each cause of action alleged therein, is barred by the doctrine of unjust enrichment.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each cause of action and claim for damages alleged therein, is barred by the doctrines of waiver, ratification, and/or estoppel.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's unverified Complaint, and each cause of action alleged therein, is barred in whole or in part by the doctrine of after-acquired evidence.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff Complaint, and each cause of action alleged therein, is barred, in whole or in part, because Plaintiff's alleged damages could have been avoided or mitigated by reasonable efforts.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each cause of action alleged therein, fails to allege facts meeting the standard of proof required for recovery of punitive damages and/or damages for aggravating circumstances.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part by Plaintiff's failure to exhaust administrative remedies.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part because Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to otherwise avoid harm. *See Faragher v. City of Boca Raton* (1998) 524 U.S. 775, 807-08; *Burlington Indus., Inc. v. Ellerth* (1998) 524 U.S. 742, 764-65.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint, and each cause of action alleged therein, is barred in whole or in part to the extent it arises from Figure's privileged documents and communications. Figure does not waive and reserves all rights as to its privileged documents and communications.

**RESERVATION AS TO ANY ADDITIONAL AFFIRMATIVE DEFENSES**

Figure has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses that govern the claims asserted by Plaintiff. Figure therefore reserves the right to raise additional defenses as appropriate.

**PRAYER**

WHEREFORE, Figure prays for judgment as follows:

1. That Plaintiff take nothing by way of his Complaint;
2. That judgment be entered in Figure's favor as to all causes of action, including Figure's counter-claims;
3. For costs of suit; and
4. For such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Figure demands a jury trial on all issues so triable.

DATED: January 16, 2026          QUINN EMANUEL URQUHART &
                                 SULLIVAN, LLP


                                 By      /s/ Viola Trebicka
                                    Viola Trebicka
                                    Attorney for Defendant and Counter-Claimant