Robert W. Ottinger (SBN 156825)
robert@ottingerlaw.com
Melanie L. Proctor (SBN 228971)
melanie@ottingerlaw.com
THE OTTINGER FIRM, P.C.
2108 N Street, Suite N
Sacramento, CA 95816
Tel: 415-262-0096
Fax: 212-571-0505

*Attorneys for Plaintiff and Counter-Defendant*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT GRUENDEL, an individual, <br><br> Plaintiff, <br><br> v. <br><br> FIGURE AI INC., a Delaware Corporation, <br><br> Defendant. | **CASE NO.:** 5:25-cv-10094-EJD <br><br> **PLAINTIFF/COUNTER-DEFENDANT'S ANSWER TO DEFENDANT/COUNTER-CLAIMANT'S COUNTERCLAIMS** <br><br> Judge: Hon. Edward J. Davila |
| FIGURE AI INC., a Delaware Corporation, <br><br> Counter-Claimant, <br><br> v. <br><br> ROBERT GRUENDEL, an individual, <br><br> Counter-Defendant. | |

Plaintiff and Counter-Defendant Robert Gruendel ("Plaintiff") hereby answers Counter-Claimant Figure AI Inc. ("Defendant" or "Figure")'s Counterclaims.

Defendant's inflammatory allegations are belied by its actions. Defendant named Plaintiff on several provisional patent applications, demonstrating that Plaintiff made significant contributions to the creation of Figure technology. (*See, e.g.*, Robert Gruendel et al., ADVANCED ARRAY OF SENSOR ASSEMBLIES OF A HUMANOID ROBOT, WO2025221916A1, World Intellectual Property Organization (PCT) (filed Apr. 16, 2025) (https://patents.google.com/patent/WO2025221916A1/en); Robert Gruendel et al., HUMANOID ROBOT HAVING ADVANCED JOINT ASSEMBLIES, U.S. Patent Application Pub. No. 20260008178A1 (filed Apr. 15, 2025) (https://patents.google.com/patent/US20260008178A1/en).)

Additionally, Figure's own Chief Executive Officer Brett Adcock repeatedly publicly praised Plaintiff. On January 28, 2025, Adcock commented on a LinkedIn article authored by Plaintiff titled "Figure AI's Center for the Advancement of Humanoid Safety," "Important work, glad to have you driving this[.]"



On March 17 and June 30, 2025, Adcock posted "thumbs up" on humanoid safety posts by Plaintiff. Defendant's Vice President of Growth Lee Randaccio similarly liked a post by Plaintiff. And on July 29, 2025, Randaccio gave Plaintiff a 5.2% raise, stating "[i]t's been great to see your continued

growth and impact at Figure. You've been doing an excellent job, and we want to recognize the consistent effort, positive mindset, and value you bring to the team."

The day after receiving the raise, Plaintiff sent a Slack message to Adcock informing him the robots could inflict severe permanent injury on humans. Plaintiff continued to advocate for stronger safety measures, including sending an email on August 27, 2025 to Head of Helix AI Corey Lynch and co-leading a robot teleoperator safety training on August 29, 2025. On September 2, 2025, Randaccio terminated Plaintiff.

Following his abrupt termination and consistent with his legal rights, Plaintiff retained documents for the purpose of this litigation. *MMM Holdings, Inc. v. Reich*, 21 Cal. App. 5th 167, 230 Cal. Rptr. 3d 198 (2018). On September 15, 2025, Plaintiff proactively notified Defendant that he had employed an eDiscovery vendor to collect documents reasonably tailored to prepare for litigation. Moreover, Plaintiff's counsel have repeatedly advised Defendant that the documents have been securely stored and filtered for potentially privileged communications by the vendor. Plaintiff has not reviewed or used those documents in this litigation pending resolution of privilege issues. Defendant's allegations to the contrary are false.

As to the specific allegations, Plaintiff answers the correspondingly numbered paragraphs, and hereby sets forth his affirmative defenses, as follows:

**<u>INTRODUCTION</u>**

1.      Plaintiff admits that Figure is an AI robotics startup focused on bringing a general-purpose humanoid robot to the market. Plaintiff denies the remainder of the allegations at paragraph 1.

2.      Plaintiff admits that it is "particularly crucial to maintain the safety of Figure's robots in light of the company's more recent focus on deployment in the home, an environment associated with unique safety challenges." Plaintiff denies the remainder of the allegations at paragraph 2. Further answering, this paragraph is contrary to fact because there are applicable requirements to reduce safety risks presented by robots, including but not limited to ISO 13482 and UL3100.

3.      Plaintiff admits that Figure hired him as Principal Robotics Safety Engineer to help the company build a safe robot. Plaintiff denies the remainder of the allegations at paragraph 3. Further

answering, this paragraph is contrary to fact because there are relevant requirements to reduce safety risks presented by robots, including but not limited to ISO 13482 and UL3100.

4.    Paragraph 4 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations at paragraph 4. As set forth above, Plaintiff lawfully retained documents solely for the purpose of litigation.

## PARTIES

5.    Plaintiff admits that Figure is a Delaware corporation with its principal place of business in California. Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations at paragraph 5 and on that basis denies them.

6.    Plaintiff admits the allegations at paragraph 6. Further answering, Plaintiff had a soft-start on September 15, 2024 and provided services to Figure before his official start date on October 7, 2024.

## JURISDICTION AND VENUE

7.    Paragraph 7 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that the Court has subject matter jurisdiction.

8.    Paragraph 8 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff admits that the Court has subject matter jurisdiction.

9.    Paragraph 9 states a legal conclusion to which no response is required. To the extent a response is required, Plaintiff admits that venue is proper in this district.

## BACKGROUND

**A.  Figure's Leadership in the Humanoid Robotics Industry**

10.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 10 and on that basis denies them.

11.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 11 and on that basis denies them.

12.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 12 and on that basis denies them.

13.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 13 and on that basis denies them.

14.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 14 and on that basis denies them.

15.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 15 and on that basis denies them.

16.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 16 and on that basis denies them.

17.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 17 and on that basis denies them.

18.     Plaintiff denies the allegations at paragraph 18.

**B.  Plaintiff's Employment and Contractual Obligations**

19.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 19 and on that basis denies them.

20.     Plaintiff admits the allegations at paragraph 20. Further answering, Plaintiff had a soft-start on September 15, 2024 and provided services to Figure before his official start date on October 7, 2024.

21.     Plaintiff admits that he signed an Offer Letter that included a signing bonus provision. The Offer Letter speaks for itself and is the best evidence of its contents. Plaintiff denies any characterization of the Offer Letter inconsistent with its terms.

22.     Plaintiff admits that he signed Figure's Employee Proprietary Information and Inventions Assignment Agreement ("PIIAA") on or about September 11, 2024. The PIIAA speaks for itself and is the best evidence of its contents. Plaintiff denies any characterization of the PIIAA inconsistent with its terms.

23.     Paragraph 23 purports to characterize the PIIAA. The PIIAA speaks for itself and is the best evidence of its contents.

24.      Paragraph 24 purports to characterize the PIIAA. The PIIAA speaks for itself and is the best evidence of its contents.

25.     Paragraph 25 purports to characterize the PIIAA. The PIIAA speaks for itself and is the best evidence of its contents.

**C. Figure's Proprietary Information and Trade Secrets**

26.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 26 and on that basis denies them.

27.     Paragraph 27 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations at paragraph 27.

28.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 28 and on that basis denies them.

29.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 29 and on that basis denies them.

**D. Plaintiff's Poor Performance and Resulting Termination**

30.     Plaintiff admits the allegations at paragraph 30.

31.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 31 and on that basis denies them.

32.     Plaintiff admits that he pursued certifications but denies the characterization that such efforts were to mask any deficiencies. Plaintiff denies the remainder of the allegations at paragraph 32. Further answering, this paragraph is contrary to fact because Defendant named Plaintiff on several provisional patents, demonstrating that Plaintiff made significant contributions to the creation of Figure technology.

33.     Plaintiff denies the allegations at paragraph 33.

34.     Plaintiff denies the allegations at paragraph 34. Further answering, this paragraph is contrary to fact because Figure gave Plaintiff a raise in recognition of his strong performance and Figure's CEO Brett Adcock publicly praised his efforts.

35.     Plaintiff admits that Figure terminated his employment on September 2, 2025. Plaintiff denies the remaining allegations at paragraph 35.

\\\

\\\

**E.  Plaintiff's Misappropriation of Figure's Confidential and Proprietary Information**

36.     Plaintiff admits that during his employment, Figure provided him with access to information necessary to perform his job duties as Principal Robotic Safety Engineer. Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 36 and on that basis denies them.

37.     Plaintiff denies the allegations at paragraph 37.

38.     Plaintiff denies that he acted in contravention of company policy or that syncing accounts was prohibited. Plaintiff denies the remaining allegations at paragraph 38.

39.     Plaintiff denies the characterization that his actions violated company policy. Plaintiff denies that he acted systematically or surreptitiously. Plaintiff denies the remaining allegations at paragraph 39.

40.     Plaintiff admits that he returned his Figure-issued laptop to Figure, that he removed his personal Google account from his work laptop, that he ran CCleaner and emptied the recycling bin to remove personal files from his work laptop. Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the remainder of the allegations at paragraph 40 and subparagraphs (a), (b), and (c) and on that basis denies them.

41.     Plaintiff admits that his access to Figure's internal documents was cut off upon his termination. Plaintiff denies the remaining allegations at paragraph 41.

42.     Plaintiff admits that he retained documents necessary for his legal defense and to support his whistleblower claims. Plaintiff denies that he retained documents for improper purposes. Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 42 and subparagraphs (a) through (f) and on that basis denies them.

43.     Plaintiff admits that he began new employment in December 2025. Plaintiff denies the remaining allegations and characterizations at paragraph 43.

**F.  Plaintiff's Breaches of Contract**

44.     Plaintiff admits that he received a signing bonus in two installments and that his employment was terminated on September 2, 2025, prior to the 12-month anniversary of his start date.

45.     The Offer Letter speaks for itself and is the best evidence of its contents. Plaintiff denies any characterization of the Offer Letter inconsistent with its terms.

46.     Plaintiff admits that he has not repaid the signing bonus. Plaintiff denies the remainder of the allegations at paragraph 46, as he was terminated due to a change in business direction, not for cause, and Figure did not seek repayment of the bonus when he was terminated.

47.     The PIIAA speaks for itself and is the best evidence of its contents.

48.     Plaintiff denies the allegations at paragraph 48, including subparagraphs (a) through (d).

49.     Plaintiff denies the allegations at paragraph 49. Further answering, Plaintiff has actively sought to cooperate with Figure to resolve issues related to Figure's documents.

50.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 50 and on that basis denies them.

## FIGURE'S COUNTERCLAIMS

### FIRST COUNTERCLAIM

**Trade Secret Misappropriation – Defend Trade Secrets Act, 18 U.S.C. §§ 1836 et. Seq.**

51.     Plaintiff reiterates and incorporates all prior paragraphs.

52.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 52 and on that basis denies them.

53.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 53 and on that basis denies them.

54.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 54 and on that basis denies them.

55.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 55 and on that basis denies them.

56.     Paragraph 56 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations at paragraph 56, including subparagraphs (a) through (c).

57.     Paragraph 57 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies the allegations at paragraph 57.

1     58.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the

2 allegations at paragraph 58 and on that basis denies them.

3     59.     Paragraph 59 states legal conclusions to which no response is required. To the extent a

4 response is required, Plaintiff denies that Figure is entitled to any damages or other relief.

5     60.     Paragraph 60 states legal conclusions to which no response is required. To the extent a

6 response is required, Plaintiff denies that Figure is entitled to exemplary damages or any other relief.

7     61.     Paragraph 61 states legal conclusions to which no response is required. To the extent a

8 response is required, Plaintiff denies that Figure is entitled to attorneys' fees or any other relief.

9     62.     Paragraph 62 states legal conclusions to which no response is required. To the extent a

10 response is required, Plaintiff denies that Figure is entitled to injunctive relief or any other relief.

11                          **SECOND COUNTERCLAIM**

12   **Violation of California Comprehensive Data Access and Fraud Act – Cal. Penal Code § 502**

13     63.     Plaintiff reiterates and incorporates all prior paragraphs.

14     64.     Paragraph 64 states legal conclusions to which no response is required. To the extent a

15 response is required, Plaintiff does not dispute the definitions set forth in California Penal Code § 502(b).

16     65.     Paragraph 65 states legal conclusions to which no response is required. To the extent a

17 response is required, Plaintiff denies the allegations at paragraph 65.

18     66.     Paragraph 66 states legal conclusions to which no response is required. To the extent a

19 response is required, Plaintiff denies the allegations at paragraph 66.

20     67.     Paragraph 67 states legal conclusions to which no response is required. To the extent a

21 response is required, Plaintiff denies the allegations at paragraph 67.

22     68.     Paragraph 68 states legal conclusions to which no response is required. To the extent a

23 response is required, Plaintiff denies the allegations at paragraph 68.

24     69.     Paragraph 69 states legal conclusions to which no response is required. To the extent a

25 response is required, Plaintiff denies the allegations at paragraph 69.

26     70.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the

27 allegations at paragraph 70 and on that basis denies them.

28     71.     Plaintiff denies the allegations at paragraph 71.

72.     Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 72, including subparagraphs (a) through (d), and on that basis denies them.

73.     Paragraph 73 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies that Figure is entitled to compensatory damages or any other relief.

74.     Paragraph 74 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies that Figure is entitled to attorneys' fees, costs, or any other relief.

75.     Paragraph 75 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies that Figure is entitled to injunctive relief or any other relief.

## THIRD COUNTERCLAIM

**Breach of Employee Proprietary Information and Inventions Assignment Agreement**

76.     Plaintiff reiterates and incorporates all prior paragraphs.

77.     Plaintiff admits that he signed the PIIAA on or about September 11, 2024. The PIIAA speaks for itself and is the best evidence of its contents. Plaintiff denies any characterization of the PIIAA inconsistent with its terms.

78.     Paragraph 78 purports to quote the PIIAA. The PIIAA speaks for itself and is the best evidence of its contents.

79.     Paragraph 79 purports to quote the PIIAA. The PIIAA speaks for itself and is the best evidence of its contents.

80.     Plaintiff denies the allegations at paragraph 80 to the extent they suggest Figure fully performed its obligations. Plaintiff admits that Figure provided employment and compensation but denies that Figure complied with all of its legal obligations.

81.     Plaintiff denies the allegations at paragraph 81, including subparagraphs (a) through (e).

82.     Plaintiff denies the allegations at paragraph 82, including subparagraphs (a) through (d).

83.     Plaintiff denies the allegations at paragraph 83, including subparagraphs (a) through (c).

84.     Paragraph 84 purports to quote the PIIAA. The PIIAA speaks for itself and is the best evidence of its contents. Plaintiff denies any characterization of his conduct that is inconsistent with his legal rights and obligations.

85.     Plaintiff denies the allegations at paragraph 85, including subparagraphs (a) through (e).

86.    Plaintiff lacks sufficient knowledge or information to form a belief as to the truth of the allegations at paragraph 86 and on that basis denies them.

87.    Paragraph 87 states legal conclusions to which no response is required. To the extent a response is required, Plaintiff denies that Figure is entitled to injunctive relief or any other relief.

## FOURTH COUNTERCLAIM

### Breach of Contract – Failure to Repay Signing Bonus

88.    Plaintiff reiterates and incorporates all prior paragraphs.

89.    Plaintiff admits that he signed the Offer Letter on or about September 11, 2024, and commenced employment on October 7, 2024. The Offer Letter speaks for itself and is the best evidence of its contents. Plaintiff denies any characterization of the Offer Letter inconsistent with its terms.

90.    Paragraph 90 purports to quote the Offer Letter. The Offer Letter speaks for itself and is the best evidence of its contents.

91.    Paragraph 91 purports to quote the Offer Letter. The Offer Letter speaks for itself and is the best evidence of its contents.

92.    Plaintiff admits the allegations at paragraph 92.

93.    Plaintiff admits that Figure terminated his employment on September 2, 2025, which was prior to the 12-month anniversary of his start date.

94.    Plaintiff denies the legal characterization and obligations alleged at paragraph 94.

95.    Plaintiff denies the allegations at paragraph 95.

96.    Plaintiff denies the allegations at paragraph 96.

## PRAYER FOR RELIEF

Plaintiff denies that Figure is entitled to any of the relief requested in paragraphs 98 through 104.

## AFFIRMATIVE DEFENSES

Without conceding that he bears the burden of proof or persuasion as to any of the issues raised in these defenses (whether denominated as affirmative defenses or otherwise), Plaintiff alleges as follows:

\\\

\\\

1

2

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

3

4

Figure's Counterclaims, and each counterclaim alleged therein, fail to state a claim upon which relief can be granted, and therefore ought to be dismissed.

5

6

### SECOND AFFIRMATIVE DEFENSE

### (Lawful Conduct)

7

8

9

Plaintiff's retention of documents was lawful and appropriate to preserve evidence of Figure's unlawful conduct and to support his whistleblower claims. Plaintiff retained documents necessary for his legal defense against Figure's retaliatory termination.

10

11

### THIRD AFFIRMATIVE DEFENSE

### (No Trade Secret Misappropriation)

12

13

14

15

The information at issue does not constitute trade secrets under applicable law. To the extent any information qualifies as proprietary, Plaintiff's retention was lawful, limited in scope, and necessary to preserve evidence of workplace safety violations and wrongful termination for use in Plaintiff's whistleblower retaliation lawsuit against Figure.

16

17

### FOURTH AFFIRMATIVE DEFENSE

### (No Unauthorized Access)

18

19

20

Plaintiff did not access Figure's computer systems or data without permission or authorization. Any access to Figure systems during his employment was authorized as part of his job duties. Any retention of documents after termination was lawful and limited to evidence supporting his legal claims.

21

22

### FIFTH AFFIRMATIVE DEFENSE

### (Public Policy Exception)

23

24

25

26

California public policy, including Labor Code §§ 1102.5 and 2860, protects employees who retain evidence of an employer's unlawful conduct, workplace safety violations, and retaliatory actions. Plaintiff's retention of documents documenting safety violations and retaliation is protected by California's strong public policy favoring whistleblowers.

27

\\\

28

\\\

1

### SIXTH AFFIRMATIVE DEFENSE

2

#### (Illegality/Unclean Hands)

3        Figure's Counterclaims are barred by the doctrines of illegality and unclean hands because

4   Figure terminated Plaintiff in retaliation for his protected whistleblowing activity and now seeks to use

5   these Counterclaims to punish Plaintiff for preserving evidence of Figure's unlawful conduct.

6

### SEVENTH AFFIRMATIVE DEFENSE

7

#### (Unconscionability - Signing Bonus)

8        The signing bonus repayment provision in the Offer Letter is unenforceable because it operates

9   as an unlawful penalty and is unconscionable under California law, particularly where Figure terminated

10  Plaintiff in retaliation for his protected whistleblowing activity. The provision is also unenforceable

11  because it would unjustly enrich Figure, which wrongfully terminated Plaintiff.

12

### EIGHTH AFFIRMATIVE DEFENSE

13

#### (Estoppel)

14       Figure is estopped from asserting its Counterclaims because Figure wrongfully terminated

15  Plaintiff in retaliation for his protected safety complaints and cannot now profit from its own wrongful

16  conduct.

17

### NINTH AFFIRMATIVE DEFENSE

18

#### (No Actual Damages)

19       Figure has not suffered any actual damages as a result of Plaintiff's alleged conduct. Figure's

20  claims for damages are speculative, unsupported, and contradicted by the facts.

21

### TENTH AFFIRMATIVE DEFENSE

22

#### (Setoff/Recoupment)

23       To the extent Figure prevails on any counterclaim, Plaintiff is entitled to offset any judgment by

24  the amount of damages he has suffered as a result of Figure's unlawful retaliation and wrongful

25  termination.

26  \\\

27  \\\

28  \\\

1

2

### **ELEVENTH AFFIRMATIVE DEFENSE**

### **(First Amendment)**

To the extent Figure's Counterclaims seek to punish Plaintiff for disclosing or threatening to disclose information regarding workplace safety violations and unlawful conduct, such claims violate Plaintiff's rights under the First Amendment to the United States Constitution and Article I, Section 2 of the California Constitution.

### **TWELFTH AFFIRMATIVE DEFENSE**

### **(Limited Scope of Retention)**

To the extent Plaintiff retained any documents, such retention was limited to documents necessary to support his legal claims and defense, was not for competitive purposes, and has not been disclosed to any third party except as required by law or in connection with this litigation.

### **RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES**

Plaintiff reserves the right to assert additional affirmative defenses as they become known through discovery and further investigation of the facts and applicable law.

### **PRAYER**

WHEREFORE, Counter-Defendant Plaintiff prays for judgment as follows:

1. That Counter-Claimant Figure take nothing by way of its Counterclaims;

2. That judgment be entered in Plaintiff's favor as to all Counterclaims;

3. For attorneys' fees and costs of suit pursuant to applicable law;

4. For such other and further relief as the Court deems just and proper.

### **JURY DEMAND**

Counter-Defendant Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 3, 2026                    Respectfully submitted,

**THE OTTINGER FIRM, P.C.**

 /s/ Melanie L. Proctor
Robert Ottinger
Melanie L. Proctor
*Attorneys for Plaintiff*