UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ROBERT GRUENDEL,<br><br>                    Plaintiff,<br><br>          v.<br><br>FIGURE AI, INC.,<br><br>                    Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. 25-cv-10094-EJD (VKD)<br><br>**ORDER RE JUNE 9, 2026 DISCOVERY DISPUTE**<br><br>Re: Dkt. No. 44 |

The parties ask the Court to resolve their dispute regarding whether plaintiff Robert Gruendel and his counsel should be permitted to retain a collection of documents Mr. Gruendel took from his former employer, defendant Figure AI, Inc. ("Figure"). Dkt. No. 44. The Court finds this matter suitable for resolution without oral argument. *See* Civil L.R. 7-1(b).

Having considered the parties' arguments, the record, and the applicable law, the Court concludes that Figure should be responsible for the review and production of responsive documents from this collection during discovery, subject to the specific requirements and procedures set forth below.

## I.      BACKGROUND

According to the complaint, Mr. Gruendel began employment with Figure on October 7, 2024 as Principal Robotic Safety Engineer. Dkt. No. 1 ¶¶ 14-15. His responsibilities included developing and enforcing Figure's global safety strategy. *Id.* ¶ 16. Over the course of his employment, Mr. Gruendel developed "product safety roadmaps" and requirements for each robot model, recommended "risk reduction measures" for employee workplace safety, presented a

detailed "safety strategy" to Figure's investors, and created a whitepaper documenting his product safety plans. *Id.* ¶¶ 18-19, 24, 27-39. Based on testing conducted on Figure robots as well as other incidents he learned of, Mr. Gruendel formed the view that Figure's robots posed a danger to humans. He repeatedly informed his supervisor and others at the company of his concerns. *Id.* ¶¶ 42-48. Mr. Gruendel alleges that in August 2025, his "internal safety advocacy intensified." *Id.* ¶ 58. The complaint details Mr. Gruendel's communications to Figure personnel throughout the month of August 2025, describing the safety risks he believed the robots posed, documenting the forces the robots were capable of generating, and expressing concern regarding the company's failure to address those risks. *Id.* ¶¶ 58-72, 75. Figure terminated Mr. Gruendel's employment on September 2, 2025, citing a "change in business direction." *Id.* ¶ 73. Mr. Gruendel contends that the reason was pretextual, and he claims that he was terminated instead in retaliation for his protected whistleblowing activities. *Id.*, claims 1-3.

According to Figure's counterclaim against Mr. Gruendel, Figure terminated Mr. Gruendel for poor performance after he "repeatedly misapplied irrelevant regulatory requirements to the company's novel products, insisted on pursuing initiatives ill-suited to Figure's needs, and misinterpreted professional disagreements about engineering approaches as indifference to safety itself." Dkt. No. 22 ¶¶ 1, 3; *see also id.* ¶¶ 30-35. In addition, Figure alleges that Mr. Gruendel "secretly and indiscriminately" copied "vast numbers" of Figure documents, including confidential and trade secret information, for his own personal use; retained and continued to access the documents following his termination; and then attempted to "cover his tracks" by deleting them. *Id.* ¶¶ 4, 36-43. Figure asserts counterclaims against Mr. Gruendel for trade secret misappropriation (counterclaim 1), violation of California Penal Code § 502 (counterclaim 2), and breach of contract (counterclaims 3 and 4). *Id.*, counterclaims.

Mr. Gruendel acknowledges that he obtained and continues to retain thousands of Figure's documents—at least 17,880 documents and perhaps as many as 40,000 documents—which were stored on or accessible from Mr. Gruendel's Figure-issued laptop and a flash drive ("Figure documents"). Dkt. No. 44 at 1, 3, 7. He concedes that this collection includes documents containing privileged communications for which Figure is the privilege holder, and he does not

United States District Court
Northern District of California

dispute that the documents include Figure's confidential and proprietary information. *Id.* at 4.

The question presented by this dispute is how the Figure documents should be treated in discovery, including whether Mr. Gruendel should be permitted to retain and access any of them.[1]

## II.    DISCUSSION

Figure argues that the Figure documents were "stolen," and that no authority permits Mr. Gruendel or his counsel to retain and access any of these documents, unless Mr. Gruendel makes a particularized showing that specific documents are reasonably necessary for pursuit of his whistleblower claims. Dkt. No. 44 at 2 (citing *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1062 (9th Cir. 2011) and cases discussing *Cafasso*). Mr. Gruendel responds that he has identified the specific categories of documents he obtained and their direct relationship to his claims. *Id.* at 5. In addition, he argues that taking even large volumes of documents in aid of his whistleblower claims is permissible protected activity. *Id.* (citing, *e.g., MMM Holdings, Inc. v. Reich*, 21 Cal. App. 5th 167 (Cal. App. 2018)).

The parties' arguments and authorities focus on the merits of Mr. Gruendel's and his attorney's conduct—such as, whether taking a former employer's documents violates the employee's confidentiality obligations, constitutes trade secret misappropriation, or warrants disqualification of counsel, or whether public policy permits an employee to take and use a former employer's documents in aid of a whistleblower claim or other claim against the employer, and further permits him to share those documents with his counsel. A discovery dispute is not the appropriate vehicle for determination of the merits of the parties' respective claims and counterclaims, and the Court will not resolve those questions here. Rather, the Court considers the question of how best to manage discovery pertaining to the Figure documents, given the circumstances presented.

The record before the Court on this discovery dispute reflects that Mr. Gruendel took tens of thousands of documents from his former employer. He has made no showing that he requires

---

[1] Apparently, the parties have agreed that neither Mr. Gruendel nor his counsel will review the collection of Figure documents, pending resolution of this dispute. Dkt. No. 44 at 2, 4; Dkt. No. 38 at 8:3-20.

United States District Court
Northern District of California

any specific documents or specific categories of documents to pursue his whistleblower claims against Figure. At most, Mr. Gruendel refers to categories of data that he labeled with his own name (e.g., "Rob Screenshots"), suggesting that such labeling reflects he made deliberate and particularized determinations about what to take from his former employer. *See* Dkt. No. 44 at 4. At worst, Mr. Gruendel describes other categories of documents he took in the most generic terms (e.g., "internal communications"), with no explanation about the need for any specific document. *See id.* In any event, Mr. Gruendel has not made a particularized showing that he requires access to the entire collection of Figure documents in order to prosecute his claims. Perhaps he will be able to make such a showing, as to some or all of the documents, on the merits at the appropriate time, but he has not made it here.

As the Figure documents are indisputably Figure's documents, and because they appear to include the company's confidential and proprietary information, as well as documents protected from disclosure by a privilege or protection, the Court concludes that Figure should be responsible for the review and production of responsive documents from this collection during discovery. Accordingly, the Court orders as follows:

1. If Mr. Gruendel has not already done so, he must produce (or cause his vendor to produce) all of the Figure documents to Figure by **July 8, 2026**.

2. Thereafter, Mr. Gruendel and his counsel must destroy and must not retain any of the Figure documents, and must cause the vendor to destroy the vendor's copy of the Figure documents by **July 9, 2026**.

3. Mr. Gruendel and his counsel must certify in a writing delivered to Figure's counsel by **July 10, 2026** that they have complied with (1) and (2), above.

4. Figure must preserve and maintain the Figure documents as a distinct collection for the duration of this action, unless relieved of this obligation by stipulation of the parties or by a court order.

5. If it has not done so already, Figure must produce to Mr. Gruendel the non-privileged documents from the Figure documents to which the complaint refers in paragraphs 18-75 by **July 17, 2026**.

Discovery in this action shall proceed in the ordinary course. The Court assumes that the parties have served document requests on each other and expects them to engage in the discussions necessary to develop an ESI protocol, if appropriate, for the review of potentially responsive documents, including the Figure documents. Finally, the parties must confer regarding a discovery plan that includes a deadline for the substantial completion of document production and the exchange of privilege logs. The parties' plan must ensure that all fact discovery is completed by the close of fact discovery on November 14, 2026. The parties shall jointly submit their discovery plan to the Court by **July 24, 2026**, together with a proposed order that includes interim deadlines for the substantial completion of document production, the exchange of privilege logs, and any other deadlines the parties believe will facilitate the efficient and timely conduct of discovery in this matter.

**IT IS SO ORDERED.**

Dated: July 6, 2026

Virginia K. DeMarchi
United States Magistrate Judge

United States District Court
Northern District of California