**THE OTTINGER FIRM, P.C.**
Robert W. Ottinger (Bar No. 156825)
robert@ottingerlaw.com
2108 N Street, Suite N
Sacramento, CA 95816
Tel: (415) 262-0096 // Fax: (212) 571-0505

Allison Marculitis (admitted *pro hac vice*)
allison@ottingerlaw.com
195 Montague Street, 14th Floor
Brooklyn, NY 11201
Tel: (212) 931-6413

*Attorneys for Plaintiff/Counter-Defendant*

**QUINN   EMANUEL   URQUHART   &
SULLIVAN, LLP**
Viola Trebicka (Bar No. 269526)
violatrebicka@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017-2543
Tel: (213) 443-3000 // Fax: (213) 443-3100
Sara Pollock (Bar No. 281076)
sarapollock@quinnemanuel.com
William Pilon (Bar No. 326487)
williampilon@quinnemanuel.com
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Tel: (650) 801-5000 // Fax: (650) 801-5100
Teodora Pasca (admitted *pro hac vice*)
teodorapasca@quinnemanuel.com
295 Fifth Avenue, 9th Floor
New York, NY 10016-7103
Tel: (212) 849-7000 // Fax: (212) 849-7100

*Attorneys for Defendant/Counter-Claimant*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| ROBERT GRUENDEL, an individual,<br><br>    Plaintiff and Counter-Defendant,<br><br>vs.<br><br>FIGURE AI INC., a Delaware Corporation,<br><br>    Defendant and Counter-Claimant. | Case No. 5:25-cv-10094-EJD<br><br>**STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION FOR STANDARD LITIGATION** |

## I.     PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## II.    COOPERATION AND PROPORTIONALITY

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.  The parties are expected to use reasonable, good faith and proportional efforts to identify and produce relevant information.  This includes identifying appropriate limits to discovery, including limits on custodians, identification of relevant subject matter, time periods, and other parameters to limit and guide discovery issues.

## III.   CUSTODIANS

The parties shall confer as to the number and identity of custodians for whom ESI, including electronic communications, shall be collected and produced. Absent a showing of good cause, the number of custodians for whom any producing party is required to collect, search, and produce ESI shall not exceed four (4) per party. Once the number and identity of custodians are determined, a party seeking additional custodians must demonstrate a distinct need based on the size, complexity, and issues of this specific case. The Court shall consider contested requests for additional custodians only upon such a showing, and cost-shifting may be considered as part of any such request. The producing party's election of a data source or custodian shall not obligate the producing party to search any other source or custodian.

In addition to custodial sources, the parties shall confer regarding the identification and collection of relevant non-custodial data sources reasonably likely to contain relevant ESI that would not otherwise be collected.

## IV.    SEARCH

When responding to requests for production under Federal Rules of Civil Procedure 34 and 45, a producing party may use search terms to identify potentially responsive ESI. The parties shall confer as to the number of search terms to be utilized per custodian.

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY
STORED INFORMATION

The parties agree that a producing party's application of the search terms agreed upon by the parties (or ordered by the Court) across the agreed-upon custodians and data sources constitutes a reasonable, adequate, and sufficient search for responsive ESI that fully discharges that party's obligations to search for and produce ESI under Federal Rules of Civil Procedure 26 and 34 and this Order.

Nothing in this Order prevents the parties from agreeing to use technology-assisted review or other techniques insofar as their use improves the efficacy of discovery.

## V.    PRODUCTION FORMATS

The parties agree to produce documents in ☐PDF, ☒TIFF, ☒native and/or ☐paper or a combination thereof (check all that apply) file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

*Threading.* Where multiple electronic communications messages are part of a single chain or "thread," a party is only required to produce the most inclusive message(s) and need not produce earlier, lesser-inclusive electronic communications or "thread members" ("threading"), subject to three limitations. First, any electronic communication in the thread with attachment(s) must be separately produced even if the body of the electronic communication is not the most inclusive message(s) in the thread, provided that such electronic communications may still be deduplicated if multiple copies of the same electronic communication with the same attachments and identical MD5 or SHA-1 hash values would otherwise appear in the party's production. Second, electronic communications that appear as part of new or different threads, such as email threads that branch off of a larger thread, must be produced separately. Third, the entire body of each thread member must be included within the produced electronic communication.

*Deduplication.* Each party shall make reasonable efforts to deduplicate exact duplicate documents within each custodian's ESI data set at the family level (i.e., vertical deduplication). Documents shall be deduplicated at the family level using MD5 or SHA-1 hash values, or a comparable industry-standard hash algorithm. An email that includes content in the "BCC" or other

blind copy field shall not be treated as a duplicate of any otherwise identical email that does not include content in the "BCC" or other blind copy field. Each party shall disclose its deduplication methodology upon request.

*Document Text.* All unredacted documents should be provided with complete document-level extracted text files. Document-level OCR text files should be provided for any unredacted portions of redacted documents and for all hard copy scanned documents. The extracted full text and/or OCR text for all deliverables should be in separate document-level, UTF-8 encoded TXT files provided in a separate folder. The number of TXT files per folder should be limited to one thousand (1,000) files.

*Time Zone.* The parties contemplate collecting ESI from multiple time zones. Accordingly, where applicable, time and date will be processed using Pacific Time ("PT") date and time.

*Bates Numbering.* Files will be named according to the Bates number of the corresponding *.tiff or *.jpg image. Attachments to documents will be assigned Bates numbers that directly follow the Bates numbers on the documents to which they were attached. If a Bates number or set of Bates numbers is skipped, the skipped number or set of numbers will be noted. In addition, wherever possible, each *.tiff image will have its assigned Bates number electronically "burned" onto the image. The Bates number will:

    (1)    be consistent across the production;

    (2)    contain no special characters; and

    (3)    be numerically sequential within a given document.

*Load File Formats.* ESI will be produced with a standard Concordance (*.dat) load file format and an image load file that is in .OPT format. The Concordance (*.dat) load file shall be provided with UTF-8 encoding.

*Native Files.* Files that are not easily converted to image format, such as Excel, Access, and some PowerPoint files, should be produced in native format. The parties will cooperate to identify non-proprietary viewers for proprietary application files.

*Production Specifications For Native Files.* When producing a file in native format, a producing party shall:

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION

(a) Provide a corresponding single-page TIFF placeholder stating "Document Produced in Native." The placeholder shall be branded with a Bates number and confidentiality stamp, if applicable.

(b) Replace the file name of the produced version of the electronic file so that it is composed of the Bates number and confidentiality designation (if any) affixed to the TIFF placeholder corresponding to the electronic file (e.g., ABC000000001_AEO.xls).

(c) Provide the text and metadata, including the original file name of the underlying electronic file as required by this order.

## VI.    METADATA

The parties agree to produce ESI in native format with all associated metadata intact. For each document produced, the producing party shall provide the following metadata fields, to the extent available: document or production number (including the document-start and document-end numbers, using the standard Bates Number consistent with prior productions); BeginAttach; EndAttach; Title/Subject; Sent date and time (for emails only); Last Modified date and time and Created date and time (for e-docs); Received date and time (for emails only); Author; Recipients; cc; bcc; Source (custodian); Hash Value; File Path; ; Page Count; Original File Name; Doc Extension; and Full Text. If a document is no longer available in its native format, the producing party shall identify the reason and the date on which the native file became unavailable.

## VII.    OVERLAYS/RE-PRODUCTION

In the event a previously produced document must be re-produced—including as an overlay to apply redactions, to correct a production error, or to supplement or revise images or metadata—the re-produced document shall bear the same Bates number(s) as the original production and shall be produced with the same metadata, such that the re-produced document replaces and remains traceable to the original.

## VIII.    DOCUMENTS PROTECTED FROM DISCOVERY

(a) Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or

-4-                                    Case No. 5:25-cv-10094-EJD

protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding. Upon discovery of the inadvertent production of a privileged or protected document, the producing party shall promptly notify the receiving party in writing, identifying the document by Bates number. Upon receipt of such notice, the receiving party shall promptly return, sequester, or destroy all copies of the identified document and shall not use or disclose the document pending resolution of any dispute.

(b)     The parties expressly acknowledge and agree to Fed. R. Civ. P. 26(b)(5) and reserve rights to assert privilege in conformance with that Rule.

(c)     Communications involving counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## IX.     PRIVILEGE LOGS & REDACTION

A party that withholds or redacts ESI or documents on the grounds of attorney-client privilege and/or work-product protection shall provide a privilege log in a native Excel format that contains the following for each document withheld or redacted:

(a)     A document control number (which can be a Bates number in the case of redacted documents);

(b)     A description of the subject matter of the document (which does not reveal privileged or protected information);

(c)     File type (.msg, .doc, .pdf, etc.);

(d)     Date;

(e)     Author (or sender in the case of email);

(f)     Recipient(s) (or "TO" recipients in the case of email);

(g)     CC recipient(s);

(h)     BCC recipient(s);

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY
STORED INFORMATION

(i)    An indication of the privilege and/or protection being asserted (ACP, AWP, etc.).

In the case of email, any email family where the entire family is withheld in full based on privilege grounds may be logged as a single entry, provided that the privilege description includes sufficient information to identify both the parent email and its attachments. In addition, document threading is permissible.

The parties shall identify on their privilege logs where an author or recipient of a withheld document is an attorney (e.g., with an asterisk or similar). Where counsel creating the privilege is not readily ascertainable from the author/recipient fields, the parties shall identify involved counsel in the privilege description column.

**Exceptions.** Parties are not required to log documents withheld on the basis of privilege/protection in the following categories:

(a)    Communications between the parties and their respective outside counsel involved in this litigation on or after September 15, 2025.

(b)    Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

## X.    MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY
STORED INFORMATION

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: August 3, 2026          */s/ Allison Marculitis*

                                        Counsel for Plaintiff and Counter-Defendant

                                        */s/ Sara Pollock*
Dated: August 3, 2026
                                        Counsel for Defendant and Counter-Claimant

**IT IS ORDERED** that the foregoing Agreement is approved.

Dated: _____, 2026

                                        Magistrate Judge Virginia DeMarchi

Case No. 5:25-cv-10094-EJD
STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY
STORED INFORMATION

**L.R. 5-1(i)(3) Attestation**

Pursuant to Local Rule 5-1(i)(3), I hereby attest that the signatories concur in the filing of this document.

                                                            */s/ Sara Pollock*
                                                            Sara Pollock

STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY
STORED INFORMATION